IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JIM H. JAMES                                                                                              PLAINTIFF

vs.                                             CASE NO. **4:06CV0359JMM**

MICHAEL J. ASTRUE,                                                                                DEFENDANT
Commissioner, Social Security Administration[1]

## ORDER

Plaintiff, Jim H. James, brings this action under §§ 205(g) and 1631(c)(3) of the Social Security Act, 42 U.S.C. § § 405(g) and 1383(c)(3), as amended, for judicial review of a final decision of the Commissioner of Social Security denying his claim for Disability Insurance benefits under Title II and for Supplemental Security Income benefits under Title XVI of the Act, 42 U.S.C. §§ 416(I), 423, 1381-1382c.  Both parties have submitted briefs, and the case is ready for disposition.

Plaintiff filed an application for Title II and Title XVI benefits on January 28, 2003, alleging a disability onset date of January 1, 2003, due to depression, hypertension, and a cardiac impairment.  (Tr. 49-51, 439-441).   His claims were denied initially and upon reconsideration. Pursuant to Plaintiff's request, a hearing was conducted by the Administrative Law Judge (ALJ) on April 5, 2004 at which Plaintiff and a vocational expert (VE) testified. (Tr. 19, 453).  On June 5, 2004, the ALJ issued a decision denying Plaintiff's claim for benefits. (Tr. 19-23).  The Appeals Council denied Plaintiff's request for review, making it the final decision of the Commissioner. (Tr. 4-7).  It is from this

---

[1]Michael J. Astrue was sworn in as Commissioner of the Social Security on February 12, 2007.  He, therefore, is substituted for Jo Anne B. Barnhart under Fed. R. Civ. P. 25(d)(1).

-1-

decision that Plaintiff seeks judicial review.

The Court's function on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.

> Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome, or because we would have decided the case differently.

*Roberts v. Apfel,*   222 F.3d 466, 468 (8th Cir. 2000) (citations omitted).

Plaintiff was 55  years old at the time of the hearing.  (Tr. 459).  He has a college degree, with majors in business and psychology.  (Tr. 459).  He last worked January 1, 2003, and has past relevant work experience as a limousine driver and a grants writer. (Tr.460-461).

Plaintiff has over a twenty year history of atrial fibrillation. On January 17, 2003, Plaintiff was treated in the emergency room for dizziness, pallor, nausea and lightheadedness.  He was subsequently admitted to the Veterans Administration (VA) Hospital in Little Rock and diagnosed with sick sinus syndrom.  A dual chamber pacemaker was inserted on January 27, 2003.  He was discharged on January 28, 2003 with no restrictions. (Tr. 111).

Plaintiff returned to the VA for a follow-up examination on March 6, 2003.  He was diagnosed with recurrent atrial fibrillation, sick sinus syndrome with implantation of cardiac pacemaker in January of 2003, and hypertension.  He complained of fatigue, shortness of breath, and dizziness.  His physician, Hoyte Pyle, M.D., stated that he was unable to "ascertain a medical cause for these symptoms . . . and it is difficult to connect it with his heart condition." Dr. Pyle further stated that based on the physical examination, he could not "find a specific reason to account for the symptoms that should [keep Plaintiff] from being able to return to work." (Tr. 106).

Plaintiff also complained of depression, anxiety and mood swings. On November 4, 2002, he complained of depression and was prescribed 50 mg. of Zoloft.(Tr 224). He was given a depression screening on February 10, 2003, at which time he reported that he felt sad or depressed 3 to 4 days during the past week and that during the past year he had two consecutive weeks or more during which time he felt sad, depressed, or lost all interest or pleasure in the things he usually cared about or enjoyed. (Tr. 393). His Zoloft was increased to 100 mg. (Tr. 119).

Plaintiff underwent another depression screening on October 20, 2003. The depression screen was negative. (Tr. 403).

The ALJ undertook the familiar five-step analysis in determining whether Plaintiff was disabled.[2] Plaintiff has not engaged in substantial gainful activity since the alleged onset date. The ALJ found that Plaintiff has been treated for hypertension, bradycardia and depression but that he does not have an impairment or combination of impairments listed in or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4 (Tr. 14).

The ALJ evaluated Plaintiff's subjective allegations and complaints pursuant to the criteria set forth in *Polaski v. Heckler*, 739 F. 2d 1320 (8th Cir. 1984).[3] He found Plaintiff's

---

[2] The five-step sequential evaluation is as follows: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether he or she has a severe and medically determinable physical or mental impairment; (3) whether the claimant may be deemed disabled because the impairment meets or equals a listed impairment in Appendix 1 to Subpart P, Title 20, Code of Federal Regulations; (4) whether the claimant is able to return to past relevant work, despite the impairment; and if not (5) whether the claimant can perform any other kind of work. 20 C. F. R. §§ 416.920 and 404.1520. *See Cox v. Barnhart*, 345 F. 3d 606 , 608 n. 1 (8th Cir. 2003).

[3] These include the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as (1) the claimant's daily activities; (2) the duration, frequency and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; and functional restrictions. *Polaski v. Heckler*, 739 F. 2d 1320, 1322 (8th Cir. 1984).

subjective allegations not to be borne out by the overall record or not to be fully credible. The ALJ found that Plaintiff had the residual functional capacity (RFC) to lift/carry 50 pounds occasionally and 25 pounds frequently; sit six hours in an eight hour day; and stand/walk six hours in an eight hour day. He assessed Plaintiff's mental impairment as non-severe. The ALJ concluded that Plaintiff's RFC is consistent with his past relevant work as a grant writer and limousine driver. Therefore, the ALJ found Plaintiff not to be disabled. (Tr. 22-23).

Plaintiff contends that the ALJ's findings that Plaintiff's mental impairment is not severe, that Plaintiff can return to his past relevant work, and that he retained the RFC to perform medium work are not supported by substantial evidence.

Plaintiff relies on a March, 2003 state agency functional capacity assessment form, to support his argument that he suffers from a severe mental impairment. The form, completed by a non-examining consultative examiner, indicated that Plaintiff had a moderately limited ability to maintain attention and concentration for extended periods, a moderately limited ability to complete a normal workday and workweek without interruptions, a moderately limited ability to accept instructions and respond appropriately to criticism from supervisors, and a moderately limited ability to set realistic goals or make plans independently of others. (Tr. 255-256).

A non-examining consultant's opinion hardly suffices as substantial evidence. *See Shontos v. Barnhart*, 328 F. 3d 418, 427 (8th Cir. 2003) ("opinions of non-treating practitioners who have attempted to evaluate the claimant without examination do not normally constitute substantial evidence on the record as a whole.") The evidence establishes that at the most Plaintiff reported feeling depressed on a few occasions. An October, 2003 depression screening was negative.

The ALJ also found no evidence that Plaintiff's depression significantly limited his daily activities. Plaintiff reported that he is able to drive, shop, work crossword puzzles,

visit friends and relatives, and attend church. Thus, the ALJ's finding that Plaintiff's mental impairment is not severe is supported by substantial evidence.

Plaintiff also complains that the ALJ's finding that Plaintiff can return to his past relevant work is not supported by substantial evidence. In particular, Plaintiff asserts that the ALJ should have developed the record regarding Plaintiff's past relevant work, particularly as Plaintiff was not represented at the hearing. The Court disagrees.

At the hearing, Plaintiff testified about the demands of his previous work. (Tr. 460 - 462, 471-474). Additionally, Plaintiff had submitted documentation discussing the physical demands of his previous jobs in the work history report he provided the Social Security Administration. (Tr. 80-83). Moreover, the ALJ utilized the services of a VE to determine the demands of Plaintiff's past relevant work. While the testimony of a vocational expert is not required at Step Four, it may be relevant as to whether a claimant has the residual functional capacity to do his or her past relevant work. *Gilbert v. Apfel*, 175 F. 3d 602, 604 (8th Cir. 1999).

It is clear that there was substantial evidence in the record for the ALJ to determine the demands of Plaintiff's past relevant work.

Plaintiff further asserts that the ALJ's RFC determination is not supported by substantial evidence. He complains that the ALJ failed to obtain and review the information upon which the VA relied in finding him 100 percent disabled.

The ALJ considered all the medical and non-medical evidence available. The medical information included records after Plaintiff received his VA disability rating. The ALJ discussed the cardiac examination Dr. Pyle conducted on March 6, 2003, in connection with Plaintiff's claim for disability benefits. (Tr. 20). The ALJ acknowledged the VA's disability assessment and found the VA's findings not to be binding. *See Morrison v. Apfel*, 146 F. 3d 625, 628 (8th Cir. 1998) (While VA disability rating not binding on ALJ, it should be addressed in decision).

Although Plaintiff states that the ALJ should have obtained and reviewed the VA documentation, he has not pointed to any additional information which he contends exists and should have been considered. Thus, the Court finds that ALJ properly considered all the medical evidence existing in connection with Plaintiff's claim.

Plaintiff also complains that the ALJ failed to elicit testimony from Plaintiff regarding his specific exertional and non-exertional abilities. The record reveals that the ALJ carefully questioned Plaintiff at the hearing. He thoroughly considered the medical records. The ALJ considered Plaintiff's subjective allegations, including allegations of pain and dizziness. The evidence supports the ALJ's conclusion that the subjective allegations are not fully credible. Dr. Pyle could not ascertain a medical cause of Plaintiff's complaints of dizziness, fatigue, and shortness of breath. Plaintiff was released from the hospital in January, 2003, after insertion of the pacemaker with no restrictions. He engages in a wide range of daily activities, including shopping, performing household tasks, walking, and visiting friends and relatives.

Additionally, the ALJ reviewed and discussed the *Polaski* factors. He provided detailed reasons to support his determination that Plaintiff subjective allegations were not fully credible.

The ALJ properly concluded that Plaintiff could perform his past relevant work. The Court finds that there is substantial evidence to support the Commissioner's decision that Plaintiff is not disabled.

Accordingly, the Commissioner's administrative decision is affirmed.

IT IS SO ORDERED this   18   day of June, 2007.


_____
UNITED STATES DISTRICT JUDGE